972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Thomas STUART, Defendant-Appellant.
 No. 92-7011.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner John Thomas Stuart, Jr. appeals the denial of his petition under 28 U.S.C. § 2255, which challenges his conviction for kidnapping (18 U.S.C. §§ 2 and 1201) and interstate transportation of a stolen motor vehicle (18 U.S.C. §§ 2 and 2312). Mr. Stuart, who is presently in the custody of the Oklahoma Department of Corrections in Lexington, Oklahoma, faces a consecutive fifteen-year federal sentence on the above convictions.
 
 
 3
 In the present § 2255 motion, Mr. Stuart asserts he was denied effective assistance of counsel by virtue of trial counsel's failure to pursue a direct appeal. Notably, he asserted this same claim in a previous § 2255 proceeding, and such claim was discussed and rejected by the district court in a memorandum opinion dated December 23, 1988. Nothing in the record indicates Mr. Stuart appealed the denial of his first § 2255 motion. Rather, Mr. Stuart filed this second § 2255 motion, asserting "newly discovered evidence" supports his claim. The district court denied Mr. Stuart's second motion by order dated January 24, 1992.
 
 
 4
 The law regarding dismissal of successive § 2255 petitions is clear. Rule 9(b) of the Rules Governing Section 2255 Proceedings provides:
 
 
 5
 A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
 
 
 6
 With regard to a successive claim, the petitioner bears the burden of showing that " 'although the ground of the new application was determined against him on the merits on a prior application, the ends of justice would be served by a redetermination of the ground.' " Parks v. Reynolds, 958 F.2d 989, 994 (10th Cir.1992) (quoting Sanders v. United States, 373 U.S. 1 (1963)), cert. denied, 112 S.Ct. 1310 (1992).
 
 
 7
 The record makes clear that Mr. Stuart did, in fact, raise the same claim in his first § 2255 motion as is raised in the present motion. Moreover, the district court indisputably rejected Mr. Stuart's claim on the merits the first time around. Nevertheless, Mr. Stuart has filed a second motion asserting "newly discovered evidence"--the transcript of sentencing proceedings--supports a redetermination of his claim as it demonstrates he requested but never received a direct appeal.
 
 
 8
 To the contrary, we hold Mr. Stuart's petition fails to meet the "ends of justice" standard as set out in Parks. First, an excerpt from the trial/sentencing transcript does not constitute newly discovered evidence. Such information was available to Mr. Stuart at the time he filed his first petition. Second, Mr. Stuart has not shown how the lack of a direct appeal effectuated a fundamental miscarriage of justice in this case. The record is devoid of substantive allegations of trial court error. We therefore AFFIRM the district court's denial of Mr. Stuart's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3